IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAMEBOOK, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:10-cv-00833 |
| | ) |
| | ) |
| FACEBOOK, INC., | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Lamebook, LLC, ("Lamebook") files its Complaint for Declaratory Judgment against Defendant Facebook, Inc. ("Facebook") and respectfully shows as follows:

**Nature of Action**

1. This is an action for a declaration of rights under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* Specifically, Lamebook seeks a declaration from this Court that the operation and maintenance of its website, lamebook.com, and the use of the term LAMEBOOK (collectively referred to as the "LAMEBOOK mark")[1] do not infringe, dilute, or otherwise violate the rights of Facebook.

2. A case of actual controversy within this Court's jurisdiction exists between the parties concerning their respective trademark and related rights as set forth below. This Court is authorized to declare the rights of the parties in this case pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 and TEX. CIV. PRAC. & REM. § 37.003.

---

[1] Lamebook filed a trademark application on May 6, 2010, with United States Patent and Trademark Office for the LAMEBOOK mark, which is currently pending.

**Jurisdiction and Venue**

3.     This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under the jurisdictional provisions of Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338, and 1367.

4.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5.     Facebook does business in and maintains an office in Austin, Texas. Additionally, Facebook contacted and sent the correspondence that created the present dispute to Lamebook in this district, and a substantial part of the events or omissions giving rise to the claim to be adjudicated in this action occurred in this district.  Accordingly, Facebook is subject to personal jurisdiction in this district and venue is proper in this district under 28 U.S.C. § 1391.

**Parties**

6.     Plaintiff Lamebook, LLC is a Texas limited liability company organized and existing under the laws of the State of Texas and having its principal place of business at 5008 Rowena Ave., Unit A, Austin, Texas 78751.

7.     Defendant Facebook, Inc. is a California corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1601 S. California Avenue, Palo Alto, California 94304, and may be served with process by serving it registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 USA.

**Facts and Background**

8.     Defendant Facebook operates and maintains the well-known social networking website facebook.com (the "Facebook website").  The Facebook website allows its users to

communicate and network with online communities of people by viewing and posting photographs, comments, and messages, and by instant messaging. The Facebook website is one of the most heavily trafficked websites in the world and provides online networking services in over 70 languages to over 400 million monthly users worldwide. Facebook has been the subject of thousands of stories and references in television, radio, print, and film media. The "Facebook" trademark is indisputably a widely recognized and famous mark (referred to herein as the "FACEBOOK mark").[2]

9. Recognizing the widespread and substantial effect Facebook has had on our culture, on or about April 23, 2009, Jonathan Standefer and Matthew Genitempo, two graphic designers living in Austin, Texas, conceived, developed and launched lamebook.com (the "Lamebook website"). The Lamebook website is a parody website that highlights the funny, absurd, and often "lame" content that gets posted on the Facebook website. Each weekday, the Lamebook website is updated with new "lame" Facebook content for its users to view and comment on. Unlike the Facebook website, the Lamebook website does not offer social networking services or functionality to its users and, therefore, does not compete with Facebook. Instead, by compiling, selecting, and allowing public commentary on amusing Facebook website content, the Lambebook website serves as a humorous parody of the Facebook website and the role it plays in society. The parody has proven effective for Lamebook, and, since its launch in April 2009, the Lamebook website has become a very popular destination for people to poke fun at and comment on the kind of pictures, comments, and messages that get posted on the world's most popular social networking site.

---

[2] Facebook claims to have secured rights to the FACEBOOK mark through common law use and registration with the United States Patent and Trademark Office.

10. On or about March 2010, counsel for Facebook contacted Lamebook alleging that the LAMEBOOK mark both infringes and dilutes the FACEBOOK mark. Facebook's counsel asked that Lamebook cease and desist using the LAMEBOOK mark and change the name and look of its website. Shortly thereafter, Lamebook obtained legal counsel of its own to respond to Facebook's allegations.

11. Counsel for Lamebook responded by explaining that the LAMEBOOK mark is a clear parody of the FACEBOOK mark. As such, it does not infringe or dilute the FACEBOOK mark and is a protected form of expression under the First Amendment of the United States Constitution. However, despite a series of telephone conversations between counsel for Facebook and counsel for Lamebook, the parties were unable to come to a resolution. Facebook continued to insist that Lamebook cease and desist using the LAMEBOOK mark or face legal action. Lamebook continued to insist it did not infringe or dilute the FACEBOOK mark.

12. On or about July 1, 2010, counsel for Facebook sent correspondence to counsel for Lamebook reasserting its claim that the LAMEBOOK mark infringes and dilutes the FACEBOOK mark. A true and correct copy of the July 1, 2010, letter is attached hereto as **Exhibit A**. In that letter, Facebook demanded, among other things, that Lamebook 1) abandon all applications to register marks containing the term LAMEBOOK, 2) permanently cease use of the LAMEBOOK mark or any mark with the BOOK suffix and agree not to register such marks, and 3) permanently cease use of Facebook trade dress. *See* Ex. A, p. 5. The letter also stated that "Facebook is prepared to enforce its rights to the full extent of the law." *See* Ex. A, p. 4.

13. Counsel for Facebook and counsel for Lamebook continued their discussions after the July 1, 2010, letter was received by Lamebook. The parties, however, have been unable to reach a resolution. Facebook continues to demand that Lamebook cease and desist using the

LAMEBOOK mark and has repeatedly indicated that Lamebook needs to acquiesce soon or face legal action.

14. Facebook's claims and demands have created a reasonable apprehension of litigation and have placed a cloud over Lamebook's ability to make use of the LAMEBOOK mark and thereby caused uncertainty to Lamebook in connection with its business.

15. An actual and justiciable controversy exists between the parties based on Facebook's claims and demands. So that it may continue to use the LAMEBOOK mark without interference from Facebook, Lamebook desires to promptly resolve this controversy and establish that it is not infringing, diluting, or otherwise violating any of Facebook's protectable rights.

## COUNT I

### DECLARATION OF NON-INFRINGEMENT

16. Lamebook repeats the allegations above as if fully set forth herein.

17. A justiciable and actual controversy exists before this Court with respect to whether Lamebook's use of the LAMEBOOK mark infringes the trademark and/or trade dress rights claimed by Facebook.

18. Lamebook, therefore, requests a declaration that its use of the LAMEBOOK mark does not infringe the trademark and/or trade dress rights claimed by Facebook, or otherwise create any likelihood of confusion under the Lanham Act, 15 U.S.C. §§ 1114-1118 and 1125 and at common law.

## COUNT II

### DECLARATION OF NON-DILUTION

19. Lamebook repeats the allegations above as if fully set forth herein.

20. A justiciable and actual controversy exists before this Court with respect to whether Lamebook's use of the LAMEBOOK mark dilutes the trademark rights claimed by Facebook.

21. Lamebook, therefore, requests a declaration that its use of the LAMEBOOK mark does not dilute the trademark rights claimed by Facebook or otherwise create any likelihood of dilution under the Lanham Act, 15 U.S.C. §§ 1114-1118 and 1125 and at common law.

## COUNT III

### DECLARATION THAT THE LAMEBOOK MARK IS PROTECTED BY THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

22. Lamebook repeats the allegations above as if fully set forth herein.

23. A justiciable and actual controversy exists before this Court with respect to whether Lamebook's use of the LAMEBOOK mark is protected free speech activity under the First Amendment to the United States Constitution.

24. Lamebook, therefore, requests a declaration that its use of the LAMEBOOK mark is protected free speech activity under the First Amendment to the United States Constitution.

## PRAYER

WHEREFORE, Lamebook respectfully requests that the Court enter judgment as follows:

(a) Declaring that Lamebook's use of the LAMEBOOK mark does not infringe the trademark or trade dress rights claimed by Facebook;

(b) Declaring that Lamebook's use of the LAMEBOOK mark does not dilute the trademark rights claimed by Facebook;

(c) Declaring that Lamebook's use of the LAMEBOOK mark is protected under the First Amendment of the United States Constitution;

(d) Declaring that Lamebook's use of the LAMEBOOK mark does not otherwise violate any of Facebook's rights under federal or state law;

(e) Lamebook recover its costs and reasonable attorney fees incurred in this action; and

(f) Lamebook recover any such other relief as the Court may deem appropriate.

                                            Respectfully submitted,

Date: November 4, 2010                /s/ Conor M. Civins
                                            Conor M. Civins
                                            State Bar No. 24040693
                                            Conor.civins@bgllp.com
                                            Edward A. Cavazos
                                            State Bar No. 00787223
                                            Ed.cavazos@bgllp.com
                                            BRACEWELL & GIULIANI LLP
                                            111 Congress Avenue, Suite 2300
                                            Austin, TX  78701
                                            (512) 472-7800
                                            (800) 404-3970 fax
                                            **Attorneys for Plaintiff,**
                                            **LAMEBOOK, LLC**